342 So.2d 510 (1977)
The DELTONA CORPORATION, Petitioner,
v.
William T. MAYO et al., Respondents.
No. 49912.
Supreme Court of Florida.
February 3, 1977.
*511 L. Grant Peeples and William L. Earl, of Peeples, Earl & Blank, Miami, for petitioner.
William L. Weeks, Tallahassee, Raymond E. Vesterby and Stanley M. Danek, Tallahassee, for respondents.
Woodie A. Liles, Public Counsel and C. Earl Henderson, Associate Public Counsel, Tallahassee, for the Citizens of the State of Florida, intervenor-respondents.
ENGLAND, Justice.
This case is before us to review an order of the Public Service Commission denying to Deltona Utilities, a division of The Deltona Corporation, a rate increase for the services of a water and sewerage system operating in one of Deltona's planned communities. We have jurisdiction under Article V, Section 3(b)(3) of the Florida Constitution, and Section 367.131, Florida Statutes (1975).
The only issue brought to us for review is whether the Commission acted properly when it denied rate relief on the ground that Deltona had failed to present evidence as to the amount of its contributions in aid of construction, as a consequence of which the Commission could not establish Deltona's rate base or establish a fair rate of return. The alleged evidentiary deficiency is predicated on the Commission's determination that Deltona had promised home site purchasers between 1962 and 1969, through oral representations, advertisements, and other land sales materials, that the purchase price of their properties would include water and sewer facilities. Treating these general representations as contractual commitments, the Commission concluded that some portion of the payments received by Deltona during that period must be treated for regulatory purposes as contributions in aid of construction, despite the fact that no segregation of purchase price was ever made on Deltona's books of account or closing statements with purchasers, and notwithstanding that the Commission's staff had reviewed and approved the accuracy of Deltona's accounts for regulatory purposes in a previous rate proceeding concluded in mid-1975 and again for purposes of this rate proceeding. We hold that the Commission has acted improperly beyond the scope of its authority.
The controversy in this case arose when, at the public hearing on Deltona's request for rate relief, public counsel elicited testimony from lot purchasers and introduced into evidence various advertisements, property reports, offering statements and other materials filed by Deltona with the Florida Land Sales Board pursuant to the requirements of Florida law. In varying language these witnesses and materials tended to show that water and sewer facilities were "included in the price" of the properties sold by Deltona between 1962 and 1969. Substantially identical evidence had been *512 brought to the Commission's attention, and rejected, in a rate case brought by Deltona and concluded on June 27, 1975.[1] The Commission there ruled that no portion of the sales proceeds should be treated as contributions in aid of construction.
As stated before, all evidence in the record shows that Deltona has never segregated any portion of the amounts received from land purchasers,[2] and that the staff of the Commission has consistently found Deltona's accounts to be both accurate and in conformity with prescribed regulatory accounting procedures.
The basis for the action taken by the Commission in this case appears to be, as public counsel has urged and the Commission's order recites, that Deltona engaged in fraudulent land sales practices and "should be held responsible for the plain meaning of its [advertisements and filings]."[3] If Deltona has engaged in an unfair business practice or committed fraud, however, it may be a concern of other state agencies or the basis for private law suits (on which we express no opinion), but it is not a matter of statutory concern to the Public Service Commission. That agency has no authority to vindicate breaches, if any, of the land sales laws or private contracts,[4] and it may not assume the existence of some indefinite amount of contributions in aid of construction which its own staff has found to be non-existent under accounting procedures prescribed by the Commission.[5] While the evidence and contentions presented by public counsel raised a question of fact which the Commission could properly investigate, namely the proper amount to be excluded from Deltona's rate base as contributions in aid of construction, the staff's investigation uncovered no evidence that Deltona had falsified its accounts or otherwise improperly treated the proceeds of its property sales for rate-making purposes.
The Commission departed from the essential requirements of law in rejecting Deltona's rate request on the ground which it did. No other basis for that action is suggested. Pursuant to Sections 120.68(10) and (13)(a)(1), Florida Statutes (1975), Commission Order No. 7293 is quashed and this case is remanded with directions to grant Deltona such rate relief as is appropriate on the basis of the record developed by the Commission in its hearing in this cause.
It is so ordered.
OVERTON, C.J., and BOYD, HATCHETT and DREW (Retired), JJ., concur.
NOTES
[1] Order No. 6694 in docket No. R-73674-WS (5/28/75), reconsideration denied by Order No. 6753 (6/27/75).
[2] Deltona maintained an account for contributions in aid of construction which showed a balance for purposes of this rate proceeding of $76,961.70. No part of that account is involved in this controversy.
[3] Order No. 7293 in Docket No. R-750626-WS, at p. 9 (6/24/76).
[4] The Commission has only those powers granted by statute expressly or by necessary implication. City of Cape Coral v. GAC Utilities, Inc., 281 So.2d 493 (Fla. 1973). See Section 120.54(13), Fla. Stat. (1975). Sections 367.081(2) and 367.121, Fla. Stat. (1975), set forth the powers of the Commission in setting water and sewer rates. These provisions do not empower the Commission to set rates so as to right any wrong which it perceives regardless of its relationship to water and sewer service. The Commission's reliance on Miami Bridge Co. v. Railroad Comm'n, 155 Fla. 366, 20 So.2d 356 (1944), is wholly misplaced.
[5] The Commission has cited as authority for its action the decision in Killarney Water Co. v. Illinois Commerce Comm'n, 37 Ill.2d 345, 226 N.E.2d 858 (1967), and Westwood Lake, Inc. v. Metropolitan Dade County Water and Sewer Bd., 203 So.2d 363 (Fla.3d DCA 1967). These cases are distinguishable from this case in that both involve a factual setting in which company records segregated a portion of sales receipts as contributions in aid of construction. In each case the utility company later determined that it could realize greater profits by treating those funds in a different way, but the courts stepped in to prevent a reclassification.