PER CURIAM.
Aloha Utilities, Inc. brings to us an order of the Florida Public Service Commission which denies a rate increase for Aloha’s water and sewer utility systems based on the company’s record-keeping deficiencies. For the reasons expressed below, we reverse the commission’s decision.
Aloha sought a rate increase from the commission for its water and sewer operations and in due course justified its need for increased rates before the commission staff, before a hearing examiner, and eventually before the commission itself.[1] Nonetheless, the commission denied all rate relief, on the grounds that Aloha had failed to maintain its records in accordance with the standards required by the commission and that its sloppy to nonexistent bookkeeping practices had caused the commission staff considerable delay and expense in evaluating Aloha’s rate increase request. Aloha argues here that the commission has no legal authority to deny a rate increase for these reasons.
In Deltona Corp. v. Mayo, 342 So.2d 510 (Fla.1977), we held that the commission is not free to use its regulatory power to effect purposes not conferred on it by statute. There, the commission endeavored to vindicate a violation of the land sales law by denying a utility an otherwise justified rate increase. We held that action to be a departure from the essential requirements of law. In this case, the commission has endeavored to sanction or punish Aloha for its noncompliance with commission regulations by denying an otherwise proven rate award. This, too, constitutes a departure from essential requirements of law. Sanctions for record-keeping noncompliance may take a variety of lawful forms,[2] but the denial of a justified rate increase is not one of them.
*852 A second issue is presented by T.A.T. Civic Association, Inc., which intervened in the proceeding below. It argues that, contrary to the hearing examiner’s factual findings, Aloha failed to establish its entitlement to a rate increase by competent substantial evidence. Since the commission expressly declined to pass on two of T.A.T.’s exceptions to the examiner’s findings,[3] on the ground that its denial of any rate relief rendered review unnecessary, we remand this proceeding to the commission to consider matters raised by T.A.T. which it found unnecessary to consider.
The proceeding is remanded to the commission for further proceedings consistent with this opinion.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.

. In concluding that the rate awards recommended by the examiner were supported by competent substantial evidence, the commission found that “[o]ther staff adjustments, calculations and reallocations . reveal a recommended revenue requirement of $258,867 for water and $361,431 for sewer. These figures are reasonable, unrefuted and thoroughly adequate given the circumstances of this utility . .” (Emphasis added).

. No action was taken against Aloha in a previous rate proceeding, although the commission noted and criticized the utility’s record-keeping deficiencies. In re: Application of Aloha Utilities, Inc., Docket Numbers 74852-WS, 73436- *852 WS, Order Number 6882 (Fla.Pub.Serv.Comm. 1975). At the conclusion of the present proceeding, the commission issued an order to show cause why Aloha should not be punished for its record-keeping deficiencies. That proceeding was pending before the commission at the time of argument in this case.

. The commission did not pass on T.A.T.’s objections that Aloha used a hypothetical capital structure in support of its rate application, and that the examiner improperly found that Aloha needed more capital.