513 So.2d 704 (1987)
GULF COAST HOME HEALTH SERVICES OF FLORIDA, INC., and Intervenor, Fahha, Inc., Appellants,
v.
STATE OF FLORIDA, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, and Intervenor, Medical Personnel Pool, Inc., Appellees.
No. BO-456.
District Court of Appeal of Florida, First District.
September 11, 1987.
Richard T. Donelan, Jr., Leonard A. Carson and John D.C. Newton, II, of Carson & Linn, Tallahassee, for appellants.
Sandra P. Stockwell, of Broad & Cassel, Tallahassee, and Richard A. Patterson, Asst. Gen. Counsel, Dept. of Health and Rehabilitative Services, Tallahassee, for appellee/HRS.
Robert A. Weiss and Thomas D. Watry, of Parker, Hudson, Ranier & Dobbs, Atlanta, Ga., for appellee/Medical Personnel Pool, Inc.
*705 NIMMONS, Judge.
This is an appeal from a final order of the circuit court dismissing with prejudice Gulf Coast's Amended Petition to Enforce Final Order pursuant to Section 120.69, Florida Statutes, and Amended Complaint for Declaratory Judgment and Injunctive Relief. We affirm.
In 1984 this court upheld the invalidation of HRS' "Rule of 300" which prohibited the issuance of any certificate of need for a home health agency until existing agencies had reached a daily census of 300 patients. Department of Health and Rehabilitative Services v. Johnson and Johnson Home Health Care, Inc., 447 So.2d 361 (Fla. 1st DCA 1984). Following the Johnson decision, HRS attempted to devise a replacement for the invalidated rule. In April 1985, HRS published notice of its intent to adopt proposed Rule 10-5.11(14), Florida Administrative Code. The proposed rule included a "need methodology" which would be used by HRS, when reviewing CON applications, to determine the number of new Medicare home health agencies "needed" in a given HRS service district.
Gulf Coast challenged the proposed rule as an invalid exercise of delegated legislative authority under the procedures provided in Section 120.54(4), Florida Statutes. A number of other parties, including FAHHA, Inc. and Medical Personnel Pool, Inc., also challenged the proposed rule and the cases were consolidated for hearing.
On March 12, 1986 the Division of Administrative Hearings issued a final order finding HRS' "need" methodology to be arbitrary and capricious, and invalidating the proposed rule as an invalid exercise of delegated legislative authority.
After the invalidation, the Department adjusted portions of the rule which had been criticized by the hearing officer. Thereafter, Gulf Coast learned that HRS was applying its modifications of the rule in reviewing pending applications for home health agency CONs. Believing such modifications to be in essence no different from the numeric need methodology which was declared invalid in the initial rule challenge proceeding, Gulf Coast, on May 12, 1986, joined in the filing of a Petition to Determine Invalidity of Unpromulgated Rule under Section 120.56, Florida Statutes (1985).
On the same day, Gulf Coast joined in the initiation of the necessary predicate to a petition for enforcement of agency action under Section 120.69, Florida Statutes (1985), by notifying the Attorney General, the Secretary of HRS, and the Director of DOAH that HRS was continuing to apply the invalid rule.
On July 17, 1986, pursuant to Section 120.69, Gulf Coast filed a petition to enforce final order in the circuit court. By its petition, Gulf Coast sought to enforce the final order issued by the Division of Administrative Hearings on March 12, 1986 in the rule challenge proceeding.
On July 18, 1986, Gulf Coast filed in the same court a complaint for declaratory judgment and injunctive relief. By its complaint, Gulf Coast alleged that HRS, without colorable statutory authority and in the face of the rule challenge final order, was effectively deregulating Medicare home health care services, thereby causing irreparable injury to Gulf Coast. The complaint alleged that HRS continued to apply at least two variances of the rule invalidated in the rule challenge case to achieve deregulation, variances which were identical in substance, although not in form, to the "need methodology" of the invalid proposed rule. The complaint sought a declaration that HRS lacked statutory authority to deregulate Medicare home health services and requested the court to enjoin HRS from giving effect to its invalid deregulation policy through the issuance of unnecessary and unwarranted certificates of need.
The circuit court consolidated the Section 120.69 enforcement action and the declaratory judgment/injunction action.
On July 18, 1986, Gulf Coast and FAHHA filed a motion for continuance in their Section 120.56 administrative proceeding, requesting the hearing officer to grant a 90-day continuance to allow time for the parties to resolve the circuit court litigation. The continuance was granted.
*706 On August 4, 1986, HRS filed its answers and defenses to the petition and complaint. As defenses to both the complaint and the petition, HRS asserted that Gulf Coast had failed to exhaust available administrative remedies. HRS also alleged that the actions should be abated because of a failure to join indispensable parties.
On August 5, 1986, the trial court granted intervention as a respondent/defendant to Medical Personnel Pool, Inc. (MPP), a for-profit corporation which provides home health services nationwide. Some of MPP's Florida offices are certified to provide Medicare home health services and MPP is currently seeking Medicare certification for others via the CON process.
Gulf Coast's pleadings were amended to reflect that Gulf Coast did not seek to interfere with CONs which had already become final. On August 12, 1986, the trial court entered the appealed order dismissing with prejudice both the amended petition under Section 120.69 and the amended complaint for declaratory and injunctive relief.
Where adequate administrative remedies are available, it is improper to seek relief in the circuit court before those remedies are exhausted. Communities Financial Corp. v. Florida Department of Environmental Regulation, 416 So.2d 813 (Fla. 1st DCA 1982); Friends of the Everglades v. State Department of Environmental Regulation, 387 So.2d 511 (Fla. 1st DCA 1980); School Board of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977). Appellants have failed to exhaust their adequate and available administrative remedies in this case and are barred from seeking relief in the circuit court.
The present controversy began when HRS' proposed Rule 10-5.11(14), concerning the Department's "need methodology," was declared invalid. HRS then modified its need methodology and began implementing its revised methodology when reviewing CON applications. HRS never promulgated its revised formula as a rule. Rather, this revised need formula amounts to no more than the Department's "incipient policy."
The Florida Administrative Procedure Act (APA) recognizes the inevitability and desirability of refining incipient agency policy through adjudication of individual cases. There are quantitative limits to the detail of policy that can effectively be promulgated as rules, and even the agency that knows its policy may wisely sharpen its purposes through adjudication before casting rules. McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977).
Section 120.53(1)(c), Florida Statutes (1985), requires, independently of Section 120.54 rulemaking provisions, agency procedures for argument of policy issues before the agency. In Section 120.57 administrative proceedings affecting a party's substantial interests, the agency is required to state and entertain challenges to the "policy grounds" for its intended action. Section 120.57(2)(a)1 and 2. The agency's final order in Section 120.57 proceedings must describe its "policy within the agency's exercise of delegated discretion" sufficiently for judicial review. Section 120.68(7). See McDonald, supra, at 582.
Moreover, because the agency's final order in such proceedings must explicate non-rule policy, the hearing officer's recommended order must do the same. McDonald, supra at 582; Section 120.57(1)(b)8. In Section 120.57(1) proceedings, the hearing officer "independently serves the public interest by providing a forum to expose, inform and challenge agency policy and discretion." State ex rel. Department of General Services v. Willis, 344 So.2d 580, 591-592 (Fla. 1st DCA 1977).
Section 120.57 proceedings, in which the agency's non-rule policy is fair game for a party's challenge, conclude by a final agency order which explicates policy within the agency's exercise of delegated discretion. Subsequent thereto, Section 120.68 subjects that explanation to judicial review. Section 120.68(7).
Gulf Coast has essentially argued that HRS, by not promulgating its revised methodology as a rule, has bypassed rulemaking *707 procedures which allow for administrative review. According to Gulf Coast, it thus has no administrative means of challenging HRS' new need methodology.
The mere fact that HRS' revised need methodology has not been promulgated as a rule does not bar administrative relief. HRS' revised formula for determining "need" is at its present stage "incipient policy" of the Department, and it is this "incipient policy" which Gulf Coast is essentially challenging. As mentioned above, an agency may apply incipient or developing policy in Section 120.57 administrative hearings, provided the agency explicates, supports and defends such policy with competent substantial evidence on the record in such proceedings. McDonald, supra.
Moreover, it is in these Section 120.57 administrative proceedings where Gulf Coast's administrative remedies lie. Under Section 120.57(1), once a formal administrative proceeding has been initiated, other persons who fear that their substantial interests may be affected by that proceeding are given a means of protecting their interests by timely intervening therein. See Fla. Admin. Code Rule 22I-6.10 and Rules 28-5.101 through 28-5.405. Upon its intervention in the Section 120.57 proceeding, Gulf Coast may challenge the agency's policy. Thereafter, the final agency order will be subject to review by the District Court of Appeal under Section 120.68, Florida Statutes.
Gulf Coast, as alleged in its complaint, has already petitioned for hearings under Section 120.57 challenging HRS' non-rule policy. Gulf Coast has petitioned in approximately seven administrative proceedings wherein HRS is reconsidering earlier denials of CONs which were based on the methodology in proposed Rule 10-5.11(14) and in which HRS is proposing to grant or has granted the following CONs in the Gulf Coast service area based on its application of its revised methodology: (a) Beverly Enterprises, CON No. 3667; (b) Medical Personnel Pool, CON No. 3668; (c) Medical Personnel Pool, CON No. 3669; (d) Medical Personnel Pool, CON No. 3673; (e) Beverly Enterprises, CON No. 3664; (f) Forest Terrace Home Health Agency, CON No. 4069; and (g) Forest Terrace Home Health Agency, CON No. 4070.
Gulf Coast has interpreted HRS' revised need methodology as being essentially identical in substance, though not in form, to the invalidated proposed Rule 10-5.11(14). This is a matter of interpretation, and the proper forum for testing this argument is in a properly initiated Section 120.57 administrative proceeding, before a DOAH hearing officer, and on a record in which HRS seeks to apply and defend the disputed policy, such proceeding being subject to Section 120.68 judicial review.
It is significant to note that on July 18, 1986, Gulf Coast requested a continuance of its Section 120.56 administrative proceeding in which it sought a determination of the validity of the "unpromulgated rule," to allow time for the circuit court litigation. In making this request, Gulf Coast stated:
Because the Circuit Court actions filed by Gulf Coast will afford Petitioners the complete relief which they seek against HRS' unlawful conduct, conducting administrative proceedings at this time is not an efficient use of administrative resources. The result of the Circuit Court actions could obviate further proceedings in this cause. Gulf Coast's causes of action in the Circuit Court are in part predicated on putting an end to the multiplicity of litigation which HRS' actions have necessitated for Gulf Coast. Petitioners should not have to divide their resources to obtain effective relief within the legal system.
Appellants do not deny in this appeal that they have administrative remedies available to challenge HRS' incipient policy; rather, appellants essentially assert that to exercise these remedies under the APA would be inconvenient and require them to "divide their resources." In other words, appellants allege that it is appropriate for the circuit court to intervene in APA processes in order to avoid a multiplicity of suits.
While there may be multiple cases pending before the Division of Administrative *708 Hearings, in actuality those cases result in only a few hearings. Review of applications for CONs is comparative and all applications for the same service in the same district and arising in the same time frame are comparatively reviewed through the vehicle of consolidation both by HRS in its preliminary determinations under the provisions of Sections 120.60 and 381.494(6), Florida Statutes, and by the Division of Administrative Hearings in Section 120.57 proceedings. Any multiplicity of suits required of appellants is a result of their business decision to operate in more than one district or their failure to succeed in one review cycle necessitating a second attempt in a later review cycle. Any multiplicity of suits further serves to afford due process to all applicants and provide a record for judicial review under Section 120.68. Circumvention of these suits under the guise of multiplicity will deny the due process afforded all applicants and challengers by Chapter 120, prevent the opportunity to create a record which would include HRS' explication of its policies and methodologies, and prevent judicial review of that record.
Appellants' assertions undermine the very purposes of the APA, for they presuppose that a circuit court is a more appropriate forum for the resolution of disputes which are particularly within the administrative agency's expertise. See Communities Financial Corp. v. Florida Department of Environmental Regulation, 416 So.2d 813 (Fla. 1st DCA 1982). It is apparent that appellants have not exhausted their administrative remedies. Accordingly, the circuit court's order dismissing appellant's Section 120.69 enforcement action and the declaratory judgment/injunctive action is AFFIRMED.
SHIVERS, J., concurs.
THOMPSON, J., concurs in result only.