FRANK, Judge.
The Public Service Commission (PSC) has sought our review of an order of the trial court denying reconsideration of an amended preliminary injunction prohibiting Shady Oaks Mobile-Modular Estates (Shady Oaks), a developer and utility provider for a residential mobile home park, from collecting, through threats to terminate services, increased utility rates charged to its residents for water and wastewater services in the period June 24, 1991 to August 1, 1991. The PSC maintains that the trial court should have vacated the initial temporary injunction to permit the collection of the PSC approved rates from June 24, 1991. We agree.
In an order issued February 8, 1991, the PSC approved a requested increase to the rate Shady Oaks charged its residents for water and sewer service. The new rates were to take effect in March, 1991. On June 21,1991, certain residents filed a class action against Shady Oaks, alleging that Shady Oaks had breached “certain restrictions, covenants, and limitations [that] ... were intended to be, and would be taken as a consideration for ... any deed of convey- *64 anee made and as covenants running with the land.” Incident to the filing of the complaint, the residents moved to enjoin Shady Oaks from billing and collecting the newly approved rates and from unilaterally terminating services if the residents failed to pay. The motion relied substantially upon certain restrictive covenants that were recorded in Pasco County in 1972, and particularly upon paragraph 10 of those restrictions, which provides as follows:
A yearly charge of $300.00, payable in advance, will be made for water, sewage, cable TV and Recreational Center including shuffleboard court.
By the terms of the instrument, the deed restrictions were to run until January 1, 2000.
Judge Lynn Tepper entered an emergency temporary injunction, to “take effect immediately,” on June 24, 1991. Pursuant to the injunction, Shady Oaks could not charge or attempt to collect the PSC determined rate, or terminate the water and sewer services of any member of the subject class. In a separate order filed the same date, Judge Tepper required each member of the represented class to tender a $25.00 monthly maintenance assessment into the court registry pending the outcome of the principal litigation.
The core question arising from this dispute is whether the trial court was invested with subject matter jurisdiction to issue the injunction. The “Water and Sewer System Regulatory Law,” Chapter 367, Florida Statutes, confers upon the PSC exclusive jurisdiction to fix the rate that regulated utilities, such as Shady Oaks, charge their customers.
We determined in Hill Top Developers v. Holiday Pines Service Corporation, 478 So.2d 368 (Fla. 2d DCA 1985), that the legislature intended the PSC to have plenary jurisdiction to establish the rates charged by regulated utilities. See §§ 367.011(2) and 367.101, Fla.Stat. (1989). To preserve the legislature’s allocation of jurisdictional authority between the administrative agency and the general equitable power of the circuit courts, we cautioned the bench against “judicial incursion into the province of the agency.” Hill Top Developers, 478 So.2d at 371. We again face judicial interference with the regulatory function, and, as we did in Hill Top Developers, condemn the trial court’s intrusion into the PSC’s statutorily delegated responsibility to fix a “just, reasonable, and compensatory” rate for service availability. See § 367.081(2)(a), Fla.Stat. (1989).
We, of course, reject the view urged by the residents that the 1972 deed restrictions supersede the order of the. PSC approving the rate increase. When the PSC issued water and sewer certificates to Shady Oaks in February, 1986, its jurisdiction over the charges for such services was comprehensive. The preexisting deed restrictions were of no moment then and are not now. The PSC’s authority to raise or lower utility rates, even those established by a contract, is preemptive. See Cohee v. Crestridge Utilities Corp., 324 So.2d 155 (Fla. 2d DCA 1975).
We recognize that our decision may affect the collection of the $300.00 annual maintenance fee prescribed in the deed restrictions. That concern, however, has no relevance to the narrow question we have answered in this opinion. On the other hand, we do not mean by our silence to sanction an assessment indistinguishable from the charges imposed for the services contemplated in the PSC approved rates.
Accordingly, the injunctive orders are reversed and vacated.
DANAHY, A.C.J., and HALL, J., concur.