DOMENGEAUX, Judge.
The plaintiff, Russell Noel, brought this suit against defendants, Rickey Demou-ehette, Linda Demouchette, and Bobby Be-noit, a minor made defendant herein through his father, Harold Benoit, Sr., to recover damages for personal injuries he sustained on September 7, 1977, when he was injured by a shotgun blast to his right *1292 eye, right arm, and chest. The trial judge held in favor of the plaintiff and against defendant Rickey Demouchette, and awarded plaintiff judgment in the amount of $15,000.00. Plaintiff’s demands against the other two defendants were dismissed. Prom this judgment plaintiff has appealed.
On appeal plaintiff suggests that the trial court erred in:
(1) rejecting plaintiff’s demands against the dismissed defendants;
(2) awarding only $15,000.00 covering both general and special damages; and
(3) failing to recognize in its judgment that the shooting of plaintiff was done intentionally and not negligently or accidentally.
The defendant, Rickey Demouchette, has answered plaintiff’s appeal and contends that the judgment rendered by the district court is not supported by the evidence.
On September 7,1977, at approximately 6 P.M., plaintiff was accousted by Rickey De-mouchette, Bobby Benoit, and David Batiste at Arnaud’s Grocery Store in St. Martin Parish, during which he was struck by one of these three men. Approximately one hour later, while plaintiff was standing in front of the home of Sylvester Car-mouche, a truck belonging to defendant Rickey Demouchette, and occupied by defendants Linda Demouchette and Bobby Benoit, drove past the Carmouche residence, turned, and stopped. Rickey Demou-chette exited the vehicle and shot plaintiff with a shotgun. Pellets from the shotgun blast struck plaintiff in his chest, right arm, and right eye.
Following the shooting plaintiff was taken to Lafayette Charity Hospital and immediately transferred to New Orleans Charity Hospital where he remained until his release on September 27, 1977. Plaintiff brought this suit seeking to recover damages for the injuries he sustained as a result of this shooting.
Plaintiff contends that the trial court erred by dismissing his claim against defendants Linda Demouchette and Bobby Benoit. Plaintiff’s contention is premised upon his belief that the defendants conspired to shoot him, and therefore under La.C.C. Art. 2324 they should be solidarily liable for the damages he has sustained. The record, however, simply does not support a finding that any conspiracy existed.
La.C.C. Art. 2324 provides in part:
“He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act.”
* * * * * *
The record lacks any proof tending to show that Linda or Bobby caused Rickey to shoot the plaintiff, or that they assisted or encouraged, in any way, in the commission of this act. The evidence reveals that there was clearly bad blood between Rickey and the plaintiff for quite some time, and while it is true that Rickey, Bobby, and one of their companions struck plaintiff approximately one hour prior to the shooting, it was not established by whom this was done. There is no evidence indicating that Linda or Bobby provoked, encouraged, or participated in the shooting to any extent. All of the eye witnesses to the shooting, including the plaintiff, testified that both Linda and Bobby remained seated in the truck while Rickey exited the vehicle and opened fire upon the plaintiff. In view of the above, we find no manifest error on the part of the trial judge concluding that plaintiff failed to establish any liability on the part of Linda and Bobby in connection with the shooting episode.
The trial judge, without distinguishing which portion of the award represented special or general damages, awarded plaintiff $15,000.00 for the damages he sustained as a result of his injuries. The plaintiff contends, and we think rightfully so, that, in light of the circumstances surrounding his shooting, coupled with the amount of special damages proven at trial, the trial judge abused his discretion by giving an insufficient award.
Plaintiff, at trial and on appeal, has outlined the various alleged expenses com *1293 prising his special damages. We have closely reviewed the record to determine which of these alleged expenses are properly recoverable.
Plaintiff asks for medical expenses in the amount of $3,971.00. This amount represents a $3,657.55 bill from Charity Hospital which was stipulated to by the defendants. The remaining $313.55 represents an E.K.G. test performed at Charity Hospital some two years after the shooting, and has no relation to the injuries received as a result thereof. Therefore, only $3,657.55 are recoverable as medical expenses.
Both plaintiff’s and his former employer’s uncontradicted testimony reveals that at the time of the shooting plaintiff was making $125.00 per week. As a result of his injuries plaintiff missed five months of work totalling $2,500.00. Accordingly, we find the loss of wages are properly recoverable.
Plaintiff’s sister, Rena Noel, testified that she and her three sisters, Mary Ann, Shirley, and Lou Ann, alternated sitting with plaintiff during his stay in the hospital. For their services plaintiff seeks to recover $2.50 per hour for the 580 hours and 20 minutes that his sisters stayed by his bedside. In view of the fact that at the time of these alleged services plaintiff was a patient in the hospital under the care and supervision of the hospital staff, and since the record failed to indicate that the additional supervision was mandated, we find that these alleged expenses are not properly recoverable.
Mary Ann Noel also testified and submitted with her testimony a list of alleged expenses for automobile rentals during and after plaintiff’s stay in the hospital. The majority of these expenses arose during plaintiff’s stay in the hospital. On nine separate occasions two or more cars were rented, evidently to travel from St. Martin Parish to New Orleans, at $30.00 per car. On two other occasions, while plaintiff still remained hospitalized, Mary Ann contends that she used her own automobile for the trips. On one such trip she “broke” two tires, costing $118.00. On another occasion she broke her crankshaft costing $250.00. These charges are listed in addition to Mary Ann’s charge of $30.00 per trip to travel to New Orleans. In “March or April of 1978” Mary Ann alleges that plaintiff incurred expenses of $280.00 representing $250.00 to fix her transmission, and $30.00 to drive plaintiff to the doctor. Aside from Rena’s and Mary Ann’s testimony and the two lists purporting to represent these charges, plaintiff failed to produce any other receipts to support his incurring these alleged expenses.
Absent some prearranged agreement between the plaintiff and members of his family that he would reimburse them for their compensable personal services, plaintiff is not allowed to recover for these expenses. Additionally, we feel that plaintiff has fallen short of the proof required to establish the legitimacy of these alleged special damages. Accordingly, the alleged expenses incurred for having his family members by his bedside in a time of need, and the alleged travelling expenses incurred by family members to get to plaintiff’s bedside are denied, leaving a total sum of recoverable special damages of $6,157.55.
The trial judge awarded plaintiff $15,-000.00 of which $6,157.55, as we have outlined above, represents special damages, leaving $8,842.45 presumably representing the award for general damages.
For the reasons hereinafter assigned we find that the trial judge abused his discretion in awarding general damages.
The facts are essentially undisputed. On September 7, 1977, as plaintiff stood in front of his friend’s home, the defendant, Rickey Demouchette, stopped his truck and without provocation deliberately shot plaintiff with a shotgun, striking him in his arm, chest, and eye. Immediately following the incident plaintiff was rushed to Charity Hospital in New Orleans where he remained for some twenty days.
On the evening of admission to the hospital plaintiff was operated on to remove shotgun pellets from his arm and chest. Thirteen days later on September 20, 1977, *1294 plaintiff underwent surgery to remove a pellet which had lodged in his eye the day of the shooting, but was not removed until later because of excess swelling. Plaintiff’s sister, Rena Noel, testified that for almost three days after the shooting plaintiff was unable to sleep due to pains in his chest and eye.
The only doctor’s report submitted at trial reveals that on the day of plaintiff’s discharge from the hospital, seven days after surgery, his vision in his right eye was limited to light perception only. The introduction of this report was stipulated to by the defendants. Additionally, plaintiff testified at trial, January 27, 1981, that his right eye still hurt him at times, and vision of his right eye, as a result of the shooting, is reduced to a blur.
As a result of all of this tragedy, plaintiff runs the risk of being functionally blind in his right eye for the remainder of his life, and should he later, accidentally or otherwise, lose sight of his left eye, he has lost the opportunity to rely on his right eye for vision. As such we find that the trial judge erred by limiting recovery for general damages to approximately $8,800.00 where circumstances dictated a much higher award.
Our Supreme Court in Reck v. Stevens, 373 So.2d 498 (La.1979), established the test to be followed in order to alter the trial court’s award of general damages. Only after articulated analysis of the facts discloses an abuse of discretion, may the award on appellate review for articulated reasons, be considered insufficient. In order to determine an appropriate award for general damages the appellate court should apply the test of Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), and we quote:
“We do re-emphasize, however, that before a Court of Appeal can disturb an award made by a trial court that the record must dearly reveal that the trier of fact abused its discretion in making its award. Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. It is never appropriate for a Court of Appeal, having found that the trial court has abused its discretion, simply to decide what it considers an appropriate award on the basis of the evidence.”
We have closely reviewed the jurisprudence insofar as it relates to the quantum on eye injuries arguably similar to the one before us. Whereas there are many cases dealing with the partial to total loss of sight in one eye,[1] they all involve circumstances quite different from those confronted here. Upon studying the awards granted in these cases, which awards range from $25,000.00 to $150,000.00,[2] and considering the mitigating or aggravating circumstances in each compared to the ease before us,[3] we feel that the lowest point which is reasonably within the discretion afforded this Court for the above described injuries is $25,-000.00 for general damages.
Finally, plaintiff asks this court to amend the trial court’s judgment to include in said judgment wording which indicates the intentional or deliberate nature of this tort.[4] In the first paragraph of the judgment the trial judge specifically adopts the reasons *1295 for judgment contained in his written opinion dated January 28, 1981, as amended March 11,1981. In his amended reasons for judgment the trial judge added the following sentence to his findings of fact, to-wit:
“The shooting of plaintiff by Rickey De-mouchette was done intentionally and not negligently or accidentally.”
We conclude, because of the circumstances set out in the preceding paragraph that the judgment, by referring to the judge’s written reasons, in effect, recognizes the intentional nature of the tort in this case, and inasmuch as we reach the same conclusion as the district judge concerning the intentional nature of this tort, we see no reason to order a recasting of the judgment as suggested by appellant.
For the above and foregoing reasons the judgment of the trial court is amended to increase the award of $15,000.00 granted below to $31,157.55, this award representing the total of general and special damages outlined above. In all other respects the judgment of the trial court is affirmed. Costs at trial and on appeal are to be taxed against defendant Rickey Demouchette.
AFFIRMED AS AMENDED.

. Fairchild v. Brian, 354 So.2d 675 (La.App. 1st Cir. 1977); Walker v. Champion, 288 So.2d 44 (La.1973); Outlaw v. Bituminous Insurance Co., 357 So.2d 1350 (La.App. 4th Cir. 1978), writ denied, 359 So.2d 1293 (La.1978); Borne v. Bourg, 327 So.2d 607 (La.App. 4th Cir. 1976); Sistrunk v. Aetna Casualty and Surety Company, 267 So.2d 784 (La.App. 2nd Cir. 1972).

. See cases cited in footnote 1.

. When determining the range in which a proper award will fall, proper evaluation mandates that consideration be given to any aggravating or mitigating circumstances. We feel that it is significant that the injury inflicted upon plaintiff was done intentionally, deliberately, and without justification.

. Plaintiffs request arises out of his wish to avoid discharge of this indebtedness should the defendant, Rickey Demouchette, subsequently file for bankruptcy.