479 So.2d 679 (1985)
Barbara Jean BROUSSARD, Plaintiff-Appellant,
v.
Kenneth PELTIER & Allstate Insurance Company, Inc., Defendants-Appellees.
No. 84-916.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1985.
*680 Donald R. Fuselier, New Iberia, for plaintiff-appellant.
Roy & Hattan, L. Lane Roy, Herman C. Clause & Karen R. Longon, Lafayette, for defendants-appellee.
Before GUIDRY, DOUCET and LABORDE, JJ.
DOUCET, Judge.
This is an appeal from a default judgment, awarding $5,000.00 for decreased vision in her left eye as a result of a blow inflicted on the plaintiff by the defendant. The only issue before this court is the sufficiency of the damages awarded.
In reviewing an award of damages to determine whether it is inadequate or excessive, the appellate court must look to the individual circumstances of the case before it. Only after an analysis of the facts reveals an abuse of discretion may the award be altered. Reck v. Stevens, 373 So.2d 498 (La.1979).
After a review of the record, including the medical report by Dr. LaHaye, we believe that an award of $5,000 for decreased vision in one eye is inadequate and an abuse of discretion by the trial court.
The report of Dr. Leon C. LaHaye reveals the vision in Mrs. Broussard's right eye to be 20/20 and in the left eye to be 20/200. His examination found a choroidal rupture and vitreous hemorrhage in the left eye, resulting in a permanent visual defect for which there is no treatment.
After making a finding that the trial court abused its discretion in fixing damages, the appellate court may resort to prior awards to determine an appropriate award. Reck, supra. Even then the court may disturb the award only by raising (or lowering) it to the lowest (or highest) point which is reasonably within the discretion afforded the trial court under the particular circumstances of the case before it. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
Therefore, we may raise the award only to the lowest point which would have been within the discretion of the trial court.
Our review of the jurisprudence and the record in this case convinces us that the lowest award appropriate under the circumstances is $30,000.00.
Accordingly, the judgment of the trial court is amended to reflect an award of general damages in the amount of $30,000.00. The costs of this appeal are to be paid by the appellee.
AMENDED.