THOMAS C. WICKER, Jr., Judge Pro Tem.
This appeal arises from a suit claiming damages relative to a survival action as well as for the wrongful death of Dean Owen Honn (Honn) brought by his parents, *469 Clayton P. Honn and Louise B. Honn (the Honns), against Roy Hartman, Jr. (Hartman) and the ABC Insurance Company. The Honns claim that Hartman committed a battery upon their son on June 28, 1982 which resulted in his death on the following day. A judge trial proceeded against Hartman only and resulted in a judgment in favor of the plaintiffs. The plaintiffs/parents received Sixty-five Thousand Dollars ($65,000.00) each for the loss of their son’s love, affection and companionship. Clayton F. Honn was awarded Five Thousand Dollars ($5,000.00) as administrator of the Estate of Dean Owen Honn for his son’s pain and suffering, together with Twenty-eight Thousand Four Hundred Thirty Dollars and Forty Cents ($28,430.40) in special damages and court costs. Hartman appeals. We affirm.
This lawsuit arises from a shooting incident at a bar and lounge in Vermilion Parish known as “The Pub.” It is undisputed that on June 28, 1982 Hartman, the owner and operator of “The Pub” shot Honn and that Honn died on the following day, June 29, 1982. The ultimate questions are whether Hartman acted in justifiable self-defense and whether the damages awarded by the trial court to the parents for loss of love, affection and companionship were excessive.
Appellant, Hartman, assigns the following errors:
1. That the trial court erred in failing to find that he acted in self-defense when he shot Honn, and
2. That the trial judge’s award of Sixty-Five Thousand Dollars ($65,000.00) to each parent for their loss of love, affection and companionship was excessive.
Appellant argues that the trial judge should have found that he acted in self-defense. In particular, he asserts that the trial court should have given more weight to the testimony of Dr. Thomas Latour, a psychiatrist. Hartman stresses that the trial court failed to consider Dr. Latour’s diagnosis of post traumatic stress disorder and its effect on him when he allegedly was threatened by Honn in a serious confrontation. Moreover, he contends that the trial judge should have considered his alleged vision problem as a contributing factor to his being in fear of his life. Additionally, he asserts that he shot Honn after seeing a shiny object in his hand which he perceived to be a weapon.
We have recently held that “the use of a dangerous weapon in order to repel an attack on one’s person is not justifiable except in exceptional cases in which the actor’s fear of danger is not only genuine, but is founded on facts which would likely produce similar emotions in men of reasonable prudence ... [Citations omitted].” Campbell v. Mouton, 412 So.2d 191, 193 (La.App. 3rd Cir.1982), writ denied 415 So.2d 954 (La.1982).
The trial judge heard extensive and conflicting testimony with regard to Hartman’s contentions that Honn was the aggressor and that he was armed. Hartman testified that on June 28, 1982 he confronted Honn regarding an earlier incident in which someone allegedly broke into his cash register. In reply, Honn reportedly indicated that his wallet had also been taken by the alleged thief. Upon hearing Honn’s response, Hartman expressed his disbelief. Thereafter, he related that Honn became “fiery” and swung at him, knocking his glasses from his face in the process of striking him. At this point, Hartman admitted that he reached for his rifle. Hartman related that he shot Honn after Honn yelled, “I’ll blow your lights out” while holding a shiny object he perceived to be a pistol. Consequently, appellant asserts that he was in fear of his life in the encounter.
Wayne Touchet, an employee of the Vermilion Parish Sheriff’s office, corroborated Hartman’s version that a shiny object was in Honn’s possession. He testified that on the morning following the shooting he was called to “The Pub” by Hartman and two relatives. When he arrived he was in-’ formed of their finding a metal comb underneath an outside floor mat in the area of the shooting. However, officers Theodore J. Broussard, Calvin Broussard, Tony Har *470 dy and Mike Hardy related that no shiny object or weapon was found although a thorough search of the area was conducted shortly after the shooting. Thus, there is a conflict in the testimony of the witnesses.
In addition, the trial judge found a contradiction in Hartman’s testimony at the trial in comparison with his previous testimony at his criminal trial. At his criminal trial he related that a nearby door was unlocked, whereas in the instant civil case he testified that the door was locked. In addition, he failed to mention in his criminal trial that Honn swung at him and thereby knocked his glasses from his face, while he so testified in the present civil proceeding. After considering these contradictions, the trial judge accorded greater weight to the testimony given at the criminal trial since he concluded that the door was open as had been previously testified to thereby providing appellant with a means of escape. Furthermore, the trial judge concluded that Hartman’s use of a rifle in shooting Honn constituted excessive force.
Moreover, in his reasons for judgment, the trial judge found that “Dean Honn was unarmed and did not have a shiny object in his possession.” He also found that Honn was “not advancing towards the defendant when he fired upon him” and that it was Hartman who advanced toward Honn before he fired the shot. Moreover, the trial judge found that Hartman could easily have escaped any perceived threats by leaving the area through an unlocked door which was “close in proximity to the location where the rifle was when [he] picked it up.”
The trial judge was obviously impressed with the testimony of the four police officers mentioned above who did not find any weapon or shiny object. In addition, with regard to appellant’s assertion that the judge failed to give greater weight to Dr. Latour’s testimony regarding his belief that he acted in self-preservation, the trial judge is in a better position to evaluate the credibility of witnesses than an appellate court. A reviewing court should adopt the trial court’s findings in the absence of clear error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The trial judge’s conclusion that Mr. Hartman failed to prove self-defense is supported by the testimony. His finding that Honn was not advancing toward Hartman when he fired is supported by the testimony of Dr. Ardley Herbert. Dr. Herbert, an expert in the field of surgery, testified that he examined Honn shortly after the shooting in the emergency room of the Abbeville General Hospital. He stated that the wound of entrance was in his back, while the exit wound was in the front of his body. Furthermore, Randy Janet and Linda Maynard testified that when they arrived at “The Pub” to meet Honn for an evening out on June 28, 1982, they observed the door of “The Pub” fly open with Dean coming out. Ms. Maynard related that she heard a gunshot at the same time she saw Dean “flying out” of “The Pub.”
Hartman knew or should have known that Dean was unarmed. Even if he had a mistaken impression due to post traumatic stress disorder, he knew or should have known that he was in no immediate danger because he had a way of escape through an unlocked door.
We do not feel under these circumstances that a reasonable person would or could have believed in good faith that it was necessary for him to shoot Dean Honn in his back in self-defense. Thus, we cannot say that the trial judge’s determination that Hartman failed to carry his burden in proving that he acted in self-defense is manifestly erroneous or clearly wrong.
Our attention next turns to the award of damages. The trial judge awarded each parent $65,000.00 for the wrongful death of their son. Hartman complains that this award for loss of affection, love and companionship is excessive. Our Louisiana Supreme Court has held that much discretion is given to the trier of fact in awarding damages. Reck v. Stevens, 373 So.2d 498 (La.1979). The appellate court is required to examine the individual circum *471 stances of each case in determining whether an award was a clear abuse of discretion. Reck, supra; Broussard v. Peltier, 479 So.2d 679 (La.App. 3rd Cir.1985). Only after an analysis of the facts indicates an abuse may the award be changed. Broussard, supra.
The trial judge in his reasons for judgment found that “the death of Dean Honn has greatly affected his mother and father, and has contributed substantially to great mental anguish, grief, and loss of companionship.” He also found that although the parents were physically separated when their son died, they maintained a close relationship with him. These findings are supported by the Honns’ testimony as well as by the testimony of his sister, Darla Tabb. After reviewing the facts and circumstances of this case and the jurisprudence, we cannot say that the trial court abused its great discretion.
Accordingly, for the reasons set forth, the judgment of the trial court is affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.