BOWES, Judge.
Plaintiff/appellant, Anthony R. Pastorel-lo [1], instituted this appeal as a result of a jury award of Ten Thousand ($10,000) Dollars for injuries he sustained in an automobile accident. This award was in addition to sums Mr. Anthony Pastorello had previously received for these injuries. The only contested issue is quantum. We revise and, as revised, affirm.
Plaintiff was injured when the vehicle he was driving was struck from the rear by an automobile owned, by Joseph Mart and driven by Janice Giles. As a result of the accident, he hit his forehead on the steering wheel and caused permanent damage to his left eye and injuries to his neck and back, which were self-resolving within a short period of time.
The parties entered into the following stipulation at trial:
1.The sole cause of the September 22, 1983 accident was the negligence of Janice Giles.
2. Joseph Mart owned the vehicle Janice Giles was driving. The vehicle was insured by Old Hickory Casualty Insurance Company, formerly Stonewall Jackson Casualty Insurance. The limits were 5000/10000.
3. Janice Giles was uninsured, was not on a mission for anyone else, and had no other insurance whatsoever.
4. At the time of the accident, Anthony Pastorello was a minor. He is now of age and is pursuing this action in his own right.
5. The Pastorellos settled with Joseph Mart and Old Hickory for their policy limits of $5,000.00.
6. Robert C. Pastorello had, at the time of the accident, a State Farm liability insurance policy (also covering Anthony) with limits of $50,000.00 per person uninsured, underinsured motorist coverage, and $2,000.00 in medical payments.
7. State Farm paid the $2,000.00 in medical payments and tendered an additional $10,000.00 out of the uninsured motorists coverage (appellant concedes in brief that he actually received these amounts and a total amount of $27,000).
8. In lieu of appearance by George Ellis, M.D. (plaintiff’s expert witness), his deposition was read to the jury (excepting page 37, line 25, page 38, and lines 1-4 of page 39), and introduced into evidence as Plaintiff Exhibit 5.
Mr. Pastorello brought this action against the defendant, State Farm Mutual Automobile Insurance Company, as his underinsured motorist carrier. The only issue at trial was whether all or part of the remaining Forty Thousand ($40,000) Dollars on the underinsured motorist policy should be paid to the plaintiff for his injuries. The jury determined Ten Thousand ($10,000) Dollars should be awarded. The only issue for our consideration on appeal *751 is whether the jury award should be increased.
The law is well-settled that before the appellate court may disturb an award of damages the record must clearly reveal that the trier of fact abused its discretion in making the award, based on the particular injuries and their effect upon the particular individual who sustained the injuries. Reck v. Stevens, 373 So.2d 498 (La.1979); Klein v. Himbert, 474 So.2d 513 (La.App. 4 Cir.1985). The award is then “disturbed” only to the extent of lowering it (or raising it) to the highest (or lowest) point, as the case may be, to an amount that is found to be within the reasonable discretion or range afforded a trial court. Ard v. Samedan Oil Corp., 483 So.2d 925 (La.1986); Reck v. Stevens, supra.
The appellant, in brief, cites only one case, Foster v. Lafayette Insurance Co., 504 So.2d 82 (La.App. 2 Cir.1987), Writs denied 505 So.2d 61 (La.1987) and 505 So.2d 65 (La.1987), on the quantum of damages awarded for eye injury in support of his assertion that the jury’s award is too low. That case is not exactly analagous to the instant case because the award included not only the award for the permanent injury to the plaintiff’s eyes, but also an award for facial pain and suffering and loss of earning capacity.
On the other hand, the defendant-appel-lee has cited several recent cases of somewhat similar eye injuries where the range of awards is from $20,000 to $30,000.
In Whitacre v. Halo Optical Products, Inc., 501 So.2d 994 (La.App. 2 Cir.1987), the plaintiff was awarded a total of $20,000 for an eye injury that resulted in his left pupil being permanently larger than his right, and causing problems with glare, which he did not have prior to the accident.
In Broussard v. Peltier, 479 So.2d 679 (La.App. 3 Cir.1985), the plaintiff received an award of $30,000 for a choroidal rupture and vitreous hemorrhage that left the vision in his injured eye 20/200.
Finally, in Noel v. Demouchette, 410 So.2d 1291 (La.App. 3 Cir.1982), for injuries received from a shotgun blast to the eye, right arm and chest, the plaintiff received $25,000.
Although we find the awards in these cases more in line with that which should be awarded in the instant case, we are of the opinion that the instant case is a more serious injury. Anthony Pastorello was 16 years old at the time of the accident. He was hospitalized for four (4) days immediately after the accident. He was told to wear an eye patch to correct the double vision he suffered due to the trauma to his left superior oblique muscle, a condition known as Parasis. The eye patch did not correct the double vision problem so, on December 14, 1983, he underwent surgery. He was hospitalized for four additional days. He was again told to wear a patch, and did so for approximately six (6) weeks.
Dr. Ellis stated in his deposition that Mr. Pastorello did very well with the surgery and his post-operative recovery was excellent. At that time, the only restriction placed on him was a prohibition against driving while he was wearing the patch. After the surgery, he had 20/20 vision in both eyes. However, for the rest of his life, he will suffer a residual double vision in an extreme downward gaze and a moderate amount of double vision when he looks upward, although this may be compensated for to quite some extent by tilting his chin down to compensate for the accentuated downward gaze and tilting his head upward to compensate for the double vision when he looked upward. Finally, Dr. Ellis stated that Mr. Pastorello suffered a 5% visual loss.
After a careful review of the record and all facts of this particular party and his injuries, including the deposition of Dr. George Ellis, we are of the opinion that the award of Ten Thousand ($10,000) Dollars is not within the reasonable range of amounts afforded the jury and does constitute an abuse of their much discretion. Accordingly, we increase the jury award to $20,-000.00.
Anthony Pastorello received a total of Twenty Seven Thousand ($27,000) Dollars for his injury. We award an additional Ten Thousand ($10,000) Dollars to be paid by *752 the under-insured motorist insurance portion of Mr. Pastorello’s insurance policy with State Farm Mutual Automobile Insurance Company. We find that a total of Thirty-seven Thousand ($37,000) is the lowest amount that is within the reasonable discretion or range afforded the jury with an injury such as that suffered by Mr. Pastorello.
For the above and foregoing reasons, the award of the jury and judgment of the trial court is revised to award the plaintiff an additional Ten Thousand ($10,000) Dollars, or a total jury award of $20,000.00.
Costs of this appeal are to be taxed against the appellee.
REVISED, AND, AS REVISED, AFFIRMED.

. At the time of the accident, Anthony Pastorello was a minor. His father, Robert Pastorello, instituted suit on his son’s behalf. At the time of the trial, Anthony Pastorello had reached the age of majority and pursued the trial and appeal on his own behalf.