CHEHARDY, Judge.
This is a suit for personal injuries resulting from an altercation between teenage boys. Plaintiff Bruce Schweiger claims that Anthony Martinez and Wesley Sanders beat him up in front of his mother’s home *682 at about 10:30 p.m. on October 2, 1980.[1]
During discovery plaintiff was informed by Sanders’ counsel that one Dean Whitney had admitted participating in the battery, rather than Wesley Sanders. A supplemental and amended petition was then filed naming Whitney as a joint tort-feasor. Whitney had not been served prior to trial so the case was presented to a jury only against the original defendants.
At the trial plaintiff identified his assailants as Sanders and Martinez. Martinez admitted initiating the fight and identified the other assailant as Whitney.
None of plaintiff’s witnesses saw the fight and could testify only as to what plaintiff told them, but all of defendants’ witnesses were aware of the fight at the time of its occurrence and were in the immediate vicinity or not far removed. They denied that Sanders had participated, and two who had seen the fight identified Whitney as the other antagonist.
Whitney, the last person to testify, was called as a witness by Sanders. He was advised of his rights by the trial court, but nevertheless elected to testify.
Whitney admitted kicking plaintiff on the side of the head without provocation while Martinez held plaintiff on the ground in a headlock. He stated he did not even know Sanders but just saw a chance to get into a good fight.
Following this testimony, the trial court sequestered the jury and ordered that the witness be arrested and charged with the crime of aggravated battery. Bond was set at $35,000 and the witness was remanded to the custody of the sheriff.
At that time counsel for the Sanders defendants moved for a directed verdict dismissing his clients from the suit on the ground that the evidence overwhelmingly established that Dean Whitney and not Wesley Sanders was responsible for the kicking incident. The court maintained the motion over plaintiff’s objection.
Plaintiff then moved for a directed verdict against the Martinez defendants, which was granted. The court then advised the parties it would review the testimony and medical evidence and render an additional judgment relative to quantum at a later date. No objection was made to this announcement by either attorney.
Two weeks later judgment was rendered in plaintiff’s favor against the Martinez defendants in the sum of $15,000. Plaintiff appealed from both judgments. The Martinez defendants have neither appealed nor answered the appeal.
In this court appellant contends the trial court erred in: (1) rendering a directed verdict dismissing the Sanders; (2) in depriving him of his right to a jury determination of quantum; and (3) alternatively the quantum is inadequate.
In addressing appellant’s first contention we note that the motion for a directed verdict is a relatively new procedure available to Louisiana litigants.
The purpose of the directed verdict is that “it serves judicial efficiency by allowing the judge to conclude the litigation (in a jury trial) if the facts and inferences are so overwhelmingly in favor of the moving party that the court believes that reasonable men could not arrive at a contrary verdict.” Civil Procedure — Work of the Louisiana Legislature for 1977 Regular Session, 38 La.L.Rev. 152, 157 (1977).
This standard was maintained in the cases of Campbell v. Mouton, 373 So.2d 237 (La.App. 3d Cir.1979); and Oppenheim v. Murray Henderson Undertaking, 414 So.2d 868 (La.App. 4th Cir.1982).
The court in Campbell further states the standard of proof is based upon the federal standard and cites language in Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir.1969), in enunciating the proper state standard.
“On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evi *683 dence — not just that evidence which supports the non-mover’s case — but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.” 373 So.2d at 239.
Applying this standard to the present case we find the trial judge did not err in granting a directed verdict.
The record reflects that Martinez was out to get plaintiff because of an earlier fight between the two whereby plaintiff apparently got the best of Martinez.
The incident which precipitated the fight in suit occurred at the lakefront a few weeks earlier when a truck in which Sanders and Martinez were guest passengers pulled alongside of a motorcycle on which plaintiff and his girl friend were riding. Martinez shouted obscenities at the girl. Later that day plaintiff tracked down Martinez and a fight ensued. Sanders was present but did not participate, nor did he insult plaintiffs girl friend.
On the day of the present altercation, Sanders, Martinez, Whitney, and Gary Lotz were at a convenience store a few blocks from plaintiffs home when Schweiger rode by on his motorcycle.
Martinez wanted to fight plaintiff so the four friends started to walk to his home. On the way they met five friends driving home from a local football game. They told the friends of their intentions and continued on foot to Schweiger’s house while the people in the car drove around the block and parked down the street from the house.
Martinez, Lotz and Whitney walked toward plaintiffs home while one of the girls knocked on the door. Meanwhile Sanders and the other girls stayed at the car.
When Schweiger came to the door the girl told him a friend wanted to see him. At that time plaintiff saw a person crouched underneath a camper parked in the driveway about 30 feet away. The person was on all fours, with his face looking upward, underneath the vehicle. The area was illuminated by a street light. Plaintiff identified the person as Sanders.
Plaintiff stepped outside and Martinez, hiding behind some bushes, rushed in from the left and grabbed plaintiff around the neck. They both flipped over onto the lawn and Martinez then got plaintiff in a headloek and punched him in the face until Martinez (and presumably Schweiger also) was exhausted.
Plaintiff testified Sanders then ran up and kicked him in the head, but everyone else identified the assailant as Whitney, including Whitney himself. After the fight, the aggressors ran out to the street and back to the car. One of them said, “We got him.” Schweiger identified the voice as that of Sanders.
After hearing all of the witnesses it is clear the trial court regarded this as a case of mistaken identity.
The inferences most favorable to plaintiff — his identification of Sanders as the person hiding under the camper and the voice identification of Sanders as the person uttering three words as the assailants ran from the scene — are not persuasive in view of the overwhelming testimony and evidence to the contrary, i.e., that Whitney and not Sanders was the other assailant.
The possibility of mistaken identity apparently became obvious to the trial judge when Whitney and Sanders were asked to stand together side by side, full face and profile to show their resemblance to each other.
The evidence became overwhelming when Whitney, advised of his rights prior to testifying, admitted the fact that he *684 kicked Schweiger, thus subjecting himself to serious criminal penalties.
We find the trial court correctly granted the directed verdict.
Appellant’s second contention is that he was deprived of his right to a trial by jury on the question of quantum. He claims the award was improper and should never have been assessed by the trial judge.
Appellant requested and was granted a directed verdict against defendant Martinez. He made no objection when the trial judge announced his intention to examine the evidence and medical testimony and determine quantum thereafter. His objection now, only after quantum has been decided, comes too late.
We now address the contention that the award is inadequate.
Plaintiff suffered painful injuries in particular to the eye and the face. His face was damaged and he was hospitalized for the repair of an orbital fracture of the right eye. The purpose of the surgery was to stop the double vision plaintiff was experiencing as best as possible, and to put the bones in place. Silastic sheeting had to be inserted in the right orbital floor where the bone had been shattered by the blows. There was no bone found to cover the opening, so an implant was shaped to cover the wound. The patient withstood the entire procedure well and left the operating room to recovery in good condition. He does have, and will continue to have, a permanent residual problem with glare.
In Dupree v. Pechinay Saint Gobain Co., 369 So.2d 1075, 1082-1083 (La.App. 1st Cir.1979), the court said:
“In Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977), the Supreme Court made the definitive statement in regard to appellate review of awards for general damages as follows:
We do reemphasize, however, that before a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award. Anderson v. Welding Testing Labatory, Inc., [304 So.2d 351 (La.1974) ] supra; Bitoun v. Landry, [302 So.2d 278 (La.1974)] supra; Fox v. State Farm Mutual Automobile Ins. Co., [288 So.2d 42 (La.1973)] supra; Walker v. Champion, [288 So.2d 44 (La.1973)] supra. Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. * * *
We have considered the award made in the instant case in the light of the well-established rule and are unable to find that the trial court clearly abused its wide discretion in making its award.
For the reasons assigned the judgment appealed from is affirmed.
AFFIRMED.

. Plaintiff sued Dr. Oliver Sanders, Jr., and An-thonia Martinez individually and on behalf of their minor sons Wesley Sanders and Anthony Martinez, and their respective insurers, identified only as ABC and XYZ.