563 So.2d 1080 (1990)
FLORIDA BOARD OF REGENTS; Dean Talbot D'Alemberte, in His Official Capacity As Dean of the Florida State University College of Law; and Professor David F. Powell, in His Official Capacity As Chairman of the Hearing Panel, Appellants,
v.
Rosa ARMESTO, Appellee.
No. 89-675.
District Court of Appeal of Florida, First District.
April 12, 1990.
Rehearing Denied July 31, 1990.
Gerald B. Jaski, Gen. Counsel, and Sonja P. Mathews, Associate Gen. Counsel, The Florida State University, Tallahassee, for appellants.
Robert M. Ervin, Melissa Fletcher Allaman, and Robert M. Ervin, Jr., of Ervin, Varn, Jacobs, Odom & Ervin, Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal from an order permanently enjoining appellants from formally charging appellee with academic dishonesty following an internal university investigation. We vacate the injunction and reverse with directions to dismiss the underlying complaint.
*1081 Appellee is a Florida State University law student. Pursuant to certain information, appellants had reason to believe she might be guilty of cheating on her final exams. Appellants investigated to determine whether formal charges should be filed. In due course, appellants determined that charges should be filed. Before matters could proceed, however, appellee filed suit in circuit court and obtained an injunction against the filing of those charges. Appellee contended that the investigation was improperly conducted in that it violated certain student conduct code requirements, and that the improprieties created a risk that appellee would be falsely accused. Appellee further urged that the effects of such an accusation could never be remedied.
Appellants contended below, and we agree, that appellee was required to exhaust her administrative remedies. In State ex rel. Department of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977), this court held that the companion doctrines of primary jurisdiction and exhaustion of remedies require circuit courts to abstain from exercising their equitable jurisdiction over administrative proceedings where adequate administrative remedies have not been exhausted. An exception exists where threatened agency action is so egregious or devastating that administrative remedies are either too little or too late, Communities Financial Corporation v. Florida Department of Environmental Regulation, 416 So.2d 813 (Fla. 1st DCA 1982), and Florida Society of Newspaper Editors v. Public Service Commission, 543 So.2d 1262 (Fla. 1st DCA 1989), but the instant record does not establish such an exception.
In Newspaper Editors, supra, this court held, citing Communities Financial, supra, that administrative remedies are considered inadequate where the complaint demonstrates "some compelling reason why the APA ... does not avail the complainants in their grievance," or "illegal conduct by the agency ... that the APA cannot remedy." Appellee contended that proceeding with formal charges would irreparably injure her because the Florida Board of Bar Examiners might refuse to admit her to the practice of law even if she were acquitted at the university hearing.
These allegations were insufficient to support a conclusion that existing administrative remedies were inadequate. Appellee had the right to move to dismiss the charges under existing university hearing procedures. Additionally, the hearing on those charges provided the accused with the right to defend herself. The possibility that the Florida Board of Bar Examiners might subsequently improperly bar her from practicing law is speculative and does not demonstrate that her administrative remedies were inadequate. The possible consequence of charges is not a basis to bypass the administrative process. Moreover, even if appellee's contentions about the investigation were true, they did not demonstrate a real risk of a false charge and, therefore, did not show likelihood of irreparable injury. Review shows that appellee was fully informed of the charges, fully represented, and fully accorded her rights.
Appellee also argued that the investigation violated due process, thereby giving her the right to bypass administrative remedies and immediately bring an action in circuit court. However, the constitutional claim here asserted is of the third kind defined by the Florida Supreme Court in Key Haven v. Board of Trustees of the Internal Improvement Trust Fund, 427 So.2d 153, 158 (Fla. 1982), holding:
The final category of constitutional challenge is the claim that an agency has applied a facially constitutional statute or rule in such a way that the aggrieved party's constitutional rights have been violated. This type of challenge would involve the assertion that an agency's implementation action was improper because, for example, the agency denied the party the rights to due process or equal protection. A suit in the circuit court requesting that court to declare an agency's action improper because of such a constitutional deficiency in the administrative process should not be allowed. *1082 As well articulated by Judge Smith in the instant case, administrative remedies must be exhausted to assure that the responsible agency "has had a full opportunity to reach a sensitive, mature, and considered decision upon a complete record appropriate to the issue." [emphasis in original]
Accordingly, we reverse and remand with directions that the injunction be set aside and the complaint dismissed.
BOOTH, ZEHMER and ALLEN, JJ., concur.