CANNELLA, Judge.
Plaintiffs, Anna Schindler and her husband, Raymond Schindler, appeal from the judgment against defendants, Dr. James Anderson (Dr. Anderson), Edward Anderson and State Farm Automobile Insurance Company (State Farm). They seek additional damages for injuries suffered in an automobile accident. We affirm.
On December 15, 1985, Anna Schindler was a passenger in an automobile that was struck on the side by a van driven by Edward Anderson, the minor son of Dr. Anderson. Plaintiffs filed suit against the Andersons and their automobile liability insurer, State Farm, for the injuries and damages which they sustained.
The case was tried before a jury on July 15, 16 and 17, 1991. At the close of plaintiffs’ case, the court granted plaintiffs’ motion for a directed verdict against defendants on the issue of liability and granted defendants’ motion to dismiss plaintiffs’ claim for lost wages. When all parties had rested, the jury was charged on the applicable law and given Jury Interrogatories to take with them into the jury room. Both the jury charges and Jury Interrogatories were agreed upon by all parties. Thereafter, the jury returned an award for Anna Schindler in the amount of $50,742.82 and for Raymond Schindler in the amount of $5,000.00, for loss of consortium.
Plaintiffs contend that the jury erred by returning an excessively low damage award to each plaintiff. They contend that Anna Schindler, 25 years old at the time of the accident, hit the right side of her head on the passenger window in the collision. She suffered facial soreness, ear pain, jaw pain, and popping and cracking of her jaw. It was diagnosed as temporoman-dibular joint disorder (TMJ) and a splint was made for her mouth. The splint did not stop the jaw pain and on August 17, 1986 plaintiff underwent surgery to reposition the joints in her jaw. Thereafter, she received physical therapy treatment. When the pain and frustration turned into depression, she sought professional mental help. She was diagnosed as having post-traumatic stress disorder from the accident and she made regular visits to a psychiatrist. The pain continued and she underwent a second operation in April, 1990. Plaintiffs contend that she still lives in pain and that all of her medical expenses and pain and suffering are attributable to the *1066 1985 accident. They contend that Raymond Schindler suffered loss of consortium in excess of the $5000 awarded. Specifically, they argue that, since they incurred more than $48,000 in medical expenses as a result of the accident, an award of only $2,000 for pain and suffering is excessively low as a matter of law and was manifest error.
Defendants contend that the main issue, the causal relationship between the accident and the injuries and damages, was hotly contested and that the unitemized jury award does not indicate that the jury abused its wide discretion in assessing damages.
The issue presented for our review is whether the jury erred in rendering the damage awards. It is well settled that, in the assessment of damages in cases of offenses and quasi offenses, much discretion is afforded the jury. Before an appellate court can disturb an award made by a trial court, the record must clearly reveal that the trier of fact abused its discretion in making its award. American Motorist v. American Rent-All, 579 So.2d 429 (La.1991); Buquoi v. Allstate Ins. Co., 556 So.2d 163 (La.App. 5th Cir.1990). This record does not support such a finding.
The causal relationship between this automobile accident and plaintiffs’ medical expenses and injuries was strenuously contested. Much of the three day trial was spent disputing whether the medical bills and injuries were causally related to the accident.
The jury saw evidence presented by defendant that Anna Schindler had pre-exist-ing jaw problems (a class II moderately severe malocclusion as early as 1979). They heard that if the accident had not occurred, surgery to re-align her jaw would have been recommended. Therefore, they could have found that all of the medical expenses and pain and suffering relating to her jaw were not caused solely by this accident. Furthermore, the mental health expenses and pain were not necessarily all causally related to the accident. There was testimony that Anna Schindler had a histrionic personality disorder (a disorder that pre-dated the accident). The jury saw evidence that other factors in her life caused or contributed, to some degree, to her mental health problems (disagreements with her husband about the time he spent away from home, a slip and fall accident in 1987, a rear-end automobile accident in 1989, nose surgery, and a hysterectomy after a diagnosis of uterine cancer).
The jury returned its verdict by answering Jury Interrogatories. They were not asked to break-down or itemize each award, but to provide a total sum for each plaintiff. Therefore, we have no way of knowing what specific findings the jury made concerning the amount of damages for medical expenses or for pain and suffering. Considering the evidence as a whole, will it support the awards to plaintiff? We find that it does. We cannot conclude from the record that the jury was clearly wrong or abused its discretion in arriving at the awards it made. The record amply supports each award. Therefore, we conclude that there is no reversible error in the jury awards.
Accordingly, the judgment of the district court is affirmed, with costs of the appeal to be assessed to plaintiffs.
AFFIRMED.