624 So.2d 5 (1993)
Virginia COBB
v.
WAL-MART STORES, INC. and National Union Fire Insurance Company of Pittsburgh, Pennsylvania.
No. 93-CA-49.
Court of Appeal of Louisiana, Fifth Circuit.
August 26, 1993.
*6 Frederick R. Campbell, Lisa Miley Geary, Metairie, for defendants/appellants Wal-Mart Stores, Inc. and Nat. Union Fire Ins. Co. of Pittsburgh, Pa.
Pierre F. Gaudin, Jr., Gretna, for plaintiff/appellee Virginia Cobb.
Before GRISBAUM, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Defendants, Wal-Mart Stores, Inc. (Wal-Mart) and National Union Fire Insurance Company, appeal from the district court judgment in favor of plaintiff, Virginia Cobb, awarding her $7,213.50 in damages which resulted from an injury in defendant's store. For the reasons which follow, we amend the judgment and affirm, as amended.
Plaintiff was shopping in a Wal-Mart store in Metairie, Louisiana on October 12, 1990. She had arrived at the store around noon and was almost finished shopping when she entered the pharmacy department with her companion, Robert Carona. She was approximately four to five feet from the pharmacy counter, proceeding down an aisle which directly faced the pharmacy counter, when her foot "skidded" and she grabbed the shelf to keep from falling to the ground. She saw popcorn on the floor near her foot which "had left a skid mark of maybe six to eight inches." Plaintiff felt pain in her knee and hand. She testified that her hand was blue and was x-rayed. She was given pain medication and cortisone shots for inflammation in her knee. Plaintiff brought this suit against defendants, seeking damages for the injuries she sustained.
After a bench trial on the merits, the trial judge rendered judgment in favor of plaintiff, awarding general damages of $6,500 and special damages of $713.50. *7 Defendants appeal, arguing three assignments of error. First, they argue that the court erred in holding them liable for plaintiffs injuries. Second, defendants argue that the special damage award of $713.50 was incorrect. Third, defendants argue that the general damage award is excessive under the circumstances of this case.
The question of defendants' liability is governed by La.R.S. 9:2800.6, as amended by Acts 1990, No. 1025, § 1, eff. Sept. 1, 1990, which provides:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.
D. Nothing herein shall affect any liability which a merchant may have under Civil Code Art. 660, 667, 669, 2317, 2322 or 2695.
Defendants argue that the trial court erred in finding that the plaintiff met her burden of proof under this statute. More particularly, defendants contend that plaintiff did not establish notice on defendants' part or lack of reasonable care.
The trial court found that plaintiff had adequately proven her claim. While it is true that defendants presented evidence of timely clean-up under general conditions, the facts in this case indicate that the accident happened between four and five feet from the pharmacy counter where at least two employees had a clear view of the aisle on which plaintiff slipped on the spilled popcorn. It is not disputed that the spilled popcorn was on the floor at the time plaintiff slipped. Therefore, either the employees failed to notice the popcorn on the floor, four to five feet in front of them, which they should have noticed, or they did nothing about it after noticing it. The popcorn is sold by the merchant near the front of the store, thereby encouraging customers to carry it throughout the store while shopping and risking it being dropped on the floor. In fact, two employees testified that they had seen a child in a basket with a box of popcorn shortly before plaintiff slipped on the popcorn. Thus, as defined by the statute, we find that the merchant had "constructive notice" of the condition that caused plaintiffs injury. Accordingly, there was no manifest error in the trial court's finding of defendants' liability.
Defendants argue, in the alternative, that the trial court erred in failing to find "contributory negligence" on plaintiffs part. They contend that plaintiff had a duty to observe the obvious hazard.
At most, the testimony established that there were six to eight kernels of popcorn on the floor. It is well settled that in a self-service store, such as defendant's, a customer has a diminished duty to see that which should be seen because his attention is diverted by the merchant to the advertised goods on the shelves. Kimble v. Wal-Mart Stores, 539 So.2d 1212 (La.1989); Kavalich v. Kramer, 315 So.2d 282 (La.1975). Thus, plaintiffs conduct, in not seeing the popcorn on the floor where her attention was distracted *8 by the shelved merchandise, was not unexpected and does not give rise to a finding of fault on her part. The trial court did not find plaintiff comparatively at fault and this finding is not manifestly erroneous.
Defendants argue next that the special damage award of $713.50 was in error. They point out that there was no medical testimony at trial. The medical expenses were proven by Dr. Cazale's bill and records, and a stipulation that, if Dr. Cazale were called to testify, he would testify in accordance with these exhibits. Defendants contend that these bills and records indicate that they included medical treatment that was unrelated to the injuries plaintiff suffered as a result of her slip at defendant's store.
The records clearly show that the March 21, 1991 visit ($71), the June 27, 1991 visit ($50) and the July 2, 1991 visit ($35) had nothing to do with the injuries plaintiff sustained at Wal-Mart. Rather, they relate to a previously existing shoulder problem and an ingrown toenail, both of which were unrelated to the fall in Wal-Mart. We find that the trial court erred in his award of special damages. Accordingly, the special damage award is reduced to $557.50.
Last, defendants argue that the general damage award of $6,500 was excessive. The assessment of monetary damages is discretionary with the trial court and the judgment cannot be disturbed by a reviewing court absent a clear showing of an abuse of that discretion. Boehm v. French, 548 So.2d 12 (La.App. 5th Cir.1989). The determination of whether a trial court abused its discretion in assessing damages must be based upon the peculiar facts of each case and with due regard to the fact that the trial court is in the best position to evaluate the credibility of the witnesses, including the testimony regarding the nature and extent of their injuries. Buquoi v. Allstate Insurance Co., 556 So.2d 163 (La.App. 5th Cir.1990). The question for the appellate court is not whether a different award is more appropriate, but whether the trial court's award can be reasonably supported by the record.
Plaintiff testified that she suffered a severe aggravation of a prior knee injury along with severe soft tissue injuries to her hand. She stated that it was very painful, that the severe pain continued for months and that her knee still causes her some discomfort. The doctor's records indicate that the pain continued over at least a three month period. They also indicate that she was given several injections into her knee to relieve the pain. Also, she was prescribed oral pain medication.
While we find this award to be high, given the facts of the case, we do not find it to be either an abuse of discretion or unsupported by the record.
Accordingly, for the reasons stated above, we amend the special damage award to reduce it to $557.50 and affirm the lower court judgment in all other respects. Defendants are assessed the costs of appeal.
AMENDED, IN PART, AND AFFIRMED AS AMENDED.
GRISBAUM, Judge, dissenting.
I would dissent.