### ROGERS, et al.

### v.

### WAL–MART STORES, INC., et al.

### Civil Action No. 97–2718.

United States District Court,
E.D. Louisiana.

June 3, 1998.

Richard A. Tonry, Tonry & Ginart, Chalmette, LA, for Plaintiffs.

Geoffrey J. Orr, Catherine Michelle Williams, Lisa Miley Geary, Roy C. Beard, Campbell, McCranie, Sistrunk, Anzelmo & Hardy, Metairie, LA, for Defendants.

PORTEOUS, District Judge.

This cause came for hearing on a previous date upon the motion of defendants, Wal–Mart Stores, Inc. and Rodney Brown for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Oral argument was waived and the matter was taken under submission on the briefs.

The Court, having studied the legal memoranda submitted by the parties if fully advised in the premises and ready to rule.

## I. BACKGROUND

The plaintiffs, Herman Rogers ("Mr.Rogers") and Emma Rogers ("Ms.Rogers") filed the instant diversity action for damages sustained when Mr. Rogers allegedly slipped and fell in a restroom at the Wal–Mart store in Chalmette, Louisiana. On or about August 16, 1996, Mr. Rogers claims he visited the Wal–Mart store located at 8333 W. Judge Perez Drive in Chalmette, Louisiana. *See* Plaintiffs' Petition, paragraph IV. Mr. Rogers asserts the he was using the restroom when suddenly and without warning he slipped and fell as the result of urine which had accumulated by the urinal of said restroom. *See* Plaintiffs' Petition, paragraph VI.

Defendants bring this summary judgment alleging no issues of material fact and they are entitled to a judgment as a matter of law. Defendants contend Mr. Rogers cannot show that a Wal–Mart employee created the alleged condition on the floor or that the alleged condition was on the floor for such a period of time that Wal–Mart should have discovered it in exercise of reasonable care.

Plaintiffs oppose the summary judgment motion arguing there are issues of material fact concerning the existence of the hazardous condition on the floor. Plaintiffs contend that a store bathroom must be held to a high standard as it is more likely or foreseeable that a hazardous condition will appear. Moreover, plaintiffs assert there are issues of material fact concerning whether Wal–Mart had actual or constructive notice of the condition which caused plaintiffs' damages. Plaintiff offers several hypothetical situations upon which it could be arguably established that the hazardous condition existed prior to the alleged accident at issue. For example, plaintiffs claim that since over .100 Wal–Mart employees use the restroom each day they should have known of the problem. Further, plaintiffs contends there was a Wal–Mart employee right outside the restroom when Mr. Rogers exited. Plaintiffs also submit they need to conduct additional discovery and that this motion is premature.

Defendants filed a reply memorandum wherein they argue the plaintiffs fail to produce evidence that Wal–Mart had any knowledge that there was a liquid on the floor in

the restroom. Defendants further suggest that this motion is not premature in that plaintiffs have had since April 23rd, 1997 to conduct discovery. Moreover, defendants submit plaintiffs have conducted written discovery in the form of interrogatories and requests for production of documents. *See* Attached exhibits to defendants' reply memorandum.

## II. *LEGAL ANALYSIS*

### A. *Law on Summary Judgment*

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco,* 76 F.3d 651 (5th Cir.1996), (citing *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 912–13 (5th Cir.)) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V Risan,* 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Industrial Co.,* 475 U.S. at 588, 106 S.Ct. 1348. Finally, the court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### B. *Premises Liability*

Louisiana Revised Statute 9:2800.6 provides in pertinent part:

"B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant **shall** have the burden of proving, in addition to all other elements of his cause of action, that:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence;

(3) The merchant failed to exercise reasonable care.

C. Definitions:

(1) 'Constructive notice' means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care."

In *Welch v. Winn–Dixie Louisiana, Inc.* 94–2331 (La.5/22/95), 655 So.2d 309, the Louisiana Supreme Court concluded that a claimant had carried her burden of proving constructive notice by showing the absence of "written inspection procedures," lack of "written documentation of performance of inspections" and the lack of "company directives on a consistent inspection policy," and because the factfinder could have disbelieved the defendant's positive evidence of the lack of the spill some minutes before the fall.

However, the Louisiana Supreme Court recently addressed the issue of constructive notice under La.R.S. 9:2800.6. *White v. Wal–Mart Stores, Inc.,* 97–0393 (La.9/9/97), 699

So.2d 1081, *rehearing denied,* (La.10/10/97). In *White,* the Louisiana Supreme Court overruled *Welch* and found the court of appeal erroneously shifted the burden to the defendant to prove that the spill had not been there at an earlier time.

Instead, the Louisiana Supreme Court enunciated that La.R.S. 9:2800.6 is clear and unambiguous in that a claimant must prove each of the enumerated requirement of Section "B." *White,* 699 So.2d at 1083–1084. Thus, the claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. *Id.* The statute does not provide for a shifting of the burden. *Id.*

■ "Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period." *Id.* at 1084. Further, the Louisiana Supreme Court said, "The fatal flaw in *Welch* was that there was no showing of any time period of time as required by the statute." *Id.* Requiring the defendant to disprove the existence of a condition is shifting the burden which is impermissible under the statute. *Id.* Therefore, to prove constructive notice, the claimant must show that the substance remained on the floor for such a period of time that the defendant merchant would have discovered its existence through the exercise of ordinary care. *Id.* at 1085.

The plaintiff in *White* failed to see the liquid on the floor as did her grandchild. Moreover, there was no evidence the employee Robinson could see the spill or even that area of the floor from her station. *Id.* at 1085. The Court said there was no positive evidence the spill was in existence or that it could be seen from Robinson's zone. *Id.*

Recently, Judge McNamara granted a summary judgment in favor of Delchamp's, Inc. (where a customer slipped and fell on a grape) finding the plaintiff failed to meet the required showing of the condition's existence for some period of time. *Audibert v. Delchamps, Inc.,* 1997 WL 602193 (E.D.La.). In that case, Judge McNamara said that under *White,* "the defendant is not required to prove the negative, i.e., that the grape was not there for a period of time. Instead, the plaintiff must make a positive showing that the grape existed on defendant's floor for any period of time—however brief—prior to the fall." *Id.* at 1.

■ In the instant case, Mr. Rogers was the only person in the restroom at the time he allegedly slipped and fell. *See* Deposition of Herman Rogers, p. 29, ln. 5–8. Further, Mr. Rogers did not notice anyone coming or going into the restroom either prior to or right after his alleged accident. *Id.* at ln. 9–14, p. 30, ln. 20–25.

Concerning the alleged liquid on the floor, Mr. Rogers testified as follows,

" . . .

Q. So before the accident happened you didn't notice anything unusual about the bathroom?

A. No, I never.

. . .

Q. . . . Now, before you had your fall, did you notice anything on the floor of the bathroom?

A. No, I never.

Q. Did you feel anything slippery under your feet before the accident happened?

A. No, I never.

Q. Did you notice any dirt or other substance anywhere in the bathroom, anything that wasn't supposed to be there before the accident happened?

A. No, I never.

. . .

Q. After you accident did you notice anything on the floor of the bathroom?

A. Not until I saw it all over my clothes, and I crawled around to the wash basin to get up. I had dirt. It wasn't no water, it was just dirt on my clothes. My clothes were dirty.

. . .

"Q. So you don't remember feeling a liquid soaked through your clothes or on your clothes?

A. No, not really.

Q. You're saying it's possible that it was there, but that you don't remember it now?

A. I don't remember it being there. I never seen it.

. . ."

Deposition of Herman Rogers, p. 14, ln. 11–14, p. 20, ln. 9–21, p. 21, ln. 2–9, p. 23, ln. 17.

Mr. Rogers further testified that he did not see the alleged liquid on the floor until after he fell.

"Q. So the first time you noticed a liquid on the floor was after you had pulled yourself up at the wash basin—

A. Right.

. . .

Q. What did it look like?

A. It was just wet.

Q. Did it look like a puddle or did it just look like dampness, a gloss on the tile, or can you describe it at all?

A. It looked like water had—whatever it was had just—it was a pretty good area like that, but it wasn't smeared on the floor; it was just a puddle of water."

Deposition of Herman Rogers, p. 24, ln. 21–25, p. 25, ln. 7–17.

Mr. Rogers cites the case of *Cobb v. Wal–Mart Stores, Inc.*, 624 So.2d 5 (La.App. 5th Cir.1993) for the proposition that the finding of constructive notice can be based upon the fact the condition was close to store employees. In *Cobb,* the plaintiff slipped and fell on spilled popcorn. The Louisiana Fifth Circuit found the store could be held liable based on constructive notice where it was not disputed that popcorn was on the floor and within the clear view of employees prior to the accident. *Cobb,* 624 So.2d at 7. The court further found that the employees, who were four to five feet from the spilled popcorn, failed to notice the popcorn and failed to do something about the spillage after noticing. *Id.*

The instant case is distinguishable from *Cobb* in several respects. First, it is disputed whether there was a liquid present on the floor in the men's restroom. Second, the employees at the layaway counter and those allegedly standing outside the restroom had no way of noticing a spillage in the men's restroom, where there was a door blocking any alleged view the employees might have. Third, *Cobb* arose prior to the Louisiana Supreme Court's decision in *White.*

■ In the case *sub judice,* the plaintiff is unable to establish that any water and/or urine existed prior to his alleged slip and fall. Mr. Rogers offers no testimony of Wal–Mart employees or any person who might have seen a puddle of liquid on the restroom floor prior to his alleged slip and fall. Mr. Rogers should have been able to discover from any employee or person whether they had observed a puddle in the restroom prior to his alleged slip and fall. Nonetheless, Mr. Rogers testified he did not notice anyone leaving or entering the restroom. The Court cannot infer constructive notice absent some showing of a temporal element. *See White,* 699 So.2d at 1084–1085.

This court is satisfied the plaintiff fails to present any evidence that there was a puddle of liquid on the restroom floor for any length of time prior to his fall. This lack of evidence falls short of carrying the requisite burden of proving the liquid was on the floor for a period of time that Wal-mart should have discovered its existence.

### C. *Liability of Rodney Brown*

Since this Court finds the plaintiff fails to establish the necessary temporal element required by *White,* there is no evidence that Rodney Brown, the store manager, breached a duty delegated to him by Wal–Mart, his employer. In other words, there is no showing there was a liquid on the restroom floor prior to Mr. Roger's alleged fall. Thus, this court is satisfied the claims against Rodney Brown should also be dismissed.

Accordingly,

**IT IS ORDERED** that the motion of defendants, Wal–Mart Stores, Inc. and Rodney Brown for summary judgment pursuant to

Rule 56 of the Federal Rules of Civil Procedure, be, and the same is hereby **GRANTED.**