| ¶ CARAWAY, J.,
concurs in part and dissents in part.
The recent Louisiana Supreme Court decisions interpreting La. R.S. 9:2800.6 have found no liability on the part of merchants whose employees were in close proximity to clear puddles of liquid when slip and falls occurred within their view. White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081; Kennedy v. Wal-Mart Stores, Inc., 98-1939 (La.4/13/99), 733 So.2d 1188.
The shape and color of the discarded paper in this instance is a distinguishing fact that moves this case beyond the Wal-Mart rulings. The case is closer to Cobb v. Wal-Mart Stores, Inc., 624 So.2d 5 (La.App. 5th Cir.1993), cited with approval in White and followed by the trial court herein. In Cobb, popcorn on the floor near the drug counter was viewed as a hazard which should have been seen immediately by the nearby clerks. The emphasis on immediacy means that there is no significant and acceptable time delay between the merchant’s last opportunity to inspect the premises and the customer’s fall. The so-called temporal element is reduced to the time immediately before the fall when the nearby employees should have observed a clearly visible spill, wet paper or other object on the floor. See, Crawford v. Ryan’s Family Steak Houses, Inc., 31,911 (La.App.2d Cir.5/5/99), 741 So.2d 96.
In view of the above, the ability for all to see the wet hot sheet is the critical fact which takes this case beyond the Wal-Mart clear liquid settings and allows for a ruling imposing liability on the merchant in this case. I therefore concur with the majority’s ruling on that point. The visibility issue, however, can cut both ways. If the trial court in measuring the significance of that crucial fact determined that the hot sheet was very visible to all allowing for the defendant’s liability, his allocation of a relatively high level of fault on the plaintiff should not be disturbed. I therefore respectfully dissent to the majority’s reallocation of fault.