**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-30358
(Summary Calendar)
_____


ANNIE PEARL MARTIN,

Plaintiff-Appellant,

versus

THE KROGER COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Western District of Louisiana
(No. 00-CV-1475)
_____

August 20, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Annie Pearl Martin appeals the district
court's grant of summary judgment in favor of Defendant-Appellee
The Kroger Company ("Kroger") in this personal-injury lawsuit
arising out of a slip-and-fall at a Kroger grocery store.  As we
agree with the district court that Martin cannot prove an essential
element of her case — that Kroger had constructive notice of the

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

hazardous condition prior to the accident — we affirm.

## I.

### FACTS AND PROCEEDINGS

Mrs. Martin and her son, Earl Martin, were shopping at a Kroger grocery store in Shreveport, Louisiana when Mrs. Martin slipped and fell, suffering injuries to her hip and back. Mrs. Martin, then 85 years old, alleges that she slipped and fell on grapes on the floor of aisle two, which is two aisles from the produce department where grapes are shelved. As a result of the fall, Mrs. Martin brought this personal-injury lawsuit against Kroger in Louisiana state court, seeking damages for pain and suffering, physical disability, medical expenses, humiliation and embarrassment, loss of household services, decreased quality of life, and shortened life expectancy.

Kroger removed the case to federal district court and then moved for summary judgment, contending that Mrs. Martin had failed to produce any evidence, either circumstantial or direct, of an essential element of her case, i.e., that Kroger had actual or constructive notice of the grapes on the floor prior to her fall, as required under Louisiana's "storekeeper liability" statute.[1] Mrs. Martin countered Kroger's motion by pointing to the following as circumstantial evidence of constructive notice on the part of Kroger: (1) Robin Wright, a Kroger employee, had stocked grapes on

---

[1] See La. Rev. Stat. Ann. 9:2800.6.

the morning of Mrs. Martin's fall (despite the undisputed fact that Wright's route from the stock room to the produce department did not include aisle two); (2) aisle two had not been inspected, swept, or cleaned the morning of the fall; (3) Mrs. Martin did not notice any grapes on the floor before she fell; (4) neither she nor her son saw anyone in aisle two prior to the fall; (5) Mrs. Martin did not have any grapes in her cart; and (6) there is no evidence in the record that other customers purchased grapes that morning.

The district court granted Kroger's motion for summary judgment, reasoning that this evidence does not demonstrate a material fact issue as to whether the grapes had been on the floor for such a period of time that Kroger employees would have discovered their existence through the exercise of reasonable care. Under Louisiana law, the court concluded, constructive notice cannot be inferred "simply from the presence of the grapes [on the floor] at the time of the incident." Mrs. Martin now appeals the court's grant of summary judgment.

## II.

### ANALYSIS

A. **Standard of Review**

We review a grant of summary judgment <u>de novo</u>, applying the same standard as the district court.[1] A motion for summary

---

[1]<u>Morris v. Covan World Wide Moving, Inc.</u>, 144 F.3d 377, 380 (5th Cir. 1998).

judgment is properly granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[2]  The moving party may discharge this burden by demonstrating the absence of evidence to support one or more essential elements of the non-moving party's claim, as "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[3]  In deciding whether a fact issue has been created, we must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.[4]  Nonetheless, the non-moving party must set forth specific facts demonstrating the existence of a genuine issue for trial.[5]

**B.  Constructive Notice**

Conceding that Kroger had no actual notice of the loose grapes on the floor in aisle two, Mrs. Martin contends that she has adduced sufficient evidence of a genuine issue of material fact with respect to whether Kroger had constructive notice of the hazardous condition.  Kroger counters that Louisiana law requires slip-and-fall plaintiffs who proceed on a constructive-notice

---

[2]Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

[3]Id. at 323.

[4]See Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).

[5]Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

4

theory to show not only that the hazardous condition existed prior to the accident, but also that the hazardous condition existed for such a period of time that the merchant should have discovered it. Therefore, Kroger deduces, Mrs. Martin's failure to produce any evidence of how long the grapes had been on the floor prior to the accident is fatal to her case. Like the district court before us, we agree.

This case is controlled by Louisiana's "storekeeper liability" statute, which sets forth the elements of a plaintiff's burden of proof in a premises liability case:

> [T]he claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> 1. The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> 2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> 3. The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[6]

The statute also defines "constructive notice" to mean that:

> [t]he condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of

---

[6]See La. Rev. Stat. Ann. 9:2800.6.

reasonable care should have known, of the condition.[7]
Recently, in <u>White v. Wal-Mart Stores, Inc.</u>,[8] the Louisiana Supreme
Court clarified the nature of the plaintiff's burden of proof with
respect to constructive notice, stating that Louisiana's
"storekeeper liability" statute

> does not allow for the inference of constructive notice[.] . . . The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. . . . **A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute.** Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.[9]

Applying these principles to the facts of this case, we
conclude that Mrs. Martin has failed to adduce any evidence that
the hazardous condition existed "for such a period of time that it
would have been discovered if the merchant had exercised reasonable
care."[10] Mrs. Martin has admitted that she has "no idea" how the
grapes came to be on the floor of aisle two or how long they had
been there before she fell. Her theory of recovery appears to be
that the grapes must have fallen on the floor of aisle two early

---

[7]<u>Id.</u>

[8]699 So.2d 1081 (La. 1997).

[9]<u>Id.</u> at 1084-85 (emphasis added).

[10]<u>See</u> La. Rev. Stat. Ann. 9:2800.6.

that morning when Kroger employees restocked the produce shelves, despite undisputed testimony that aisle two was not used that morning — or any other morning — to move grapes from the rear of the store to the produce section. The Louisiana Supreme Court has made clear, however, that mere "speculation that the condition may have existed for some period prior to [the] fall" does not discharge the plaintiff's burden of making a "positive showing" that the condition existed for "some time" prior to the fall.[11]

In the closely analogous case of Audibert v. Delchamps, Inc. and ABC Insurance Company,[12] in which the plaintiff also claimed to have slipped on grapes in a grocery store, the district court explained in granting summary judgment to the defendant that because "the plaintiff failed to meet the required showing of the condition's existence of some period of time, the statute's mandates are not fulfilled and it is not necessary to identify what period of time would have been sufficient to constitute that notice."[13] Likewise, in Rogers v. Wal-Mart Stores, Inc.,[14] when the plaintiff was unable to establish how long a liquid substance had been on the floor prior to the accident, summary judgment was

---

[11]See Babin v. Winn Dixie Louisiana, Inc., 764 So.2d 37, 40 (La. 2000).

[12]No. Civ. A. 96-3156, 1997 WL 602193 (E.D. La. Sept. 30, 1997).

[13]Id. at *1.

[14]6 F. Supp.2d 560 (E.D. La. 1998).

granted to the defendant-merchant because "the claimant must show that the substance remained on the floor for such a period of time that the defendant merchant would have discovered its existence through the exercise of ordinary care."[15] In the instant case, just as in Audibert and Rogers, the plaintiff, Mrs. Martin, has failed to provide factual support sufficient under Louisiana law to establish a credible possibility that the hazardous condition existed long enough that it would have been discovered if the merchant had exercised reasonable care.

Mrs. Martin places great weight on evidence that aisle two had not been inspected, swept, or cleaned the morning of the fall. In the absence of competent evidence of how long the grapes had been on the floor, whether Kroger conducted sufficient inspections or used reasonable care in maintaining the store is simply not relevant to the issue of constructive notice, i.e., whether the hazardous condition had existed long enough that it would have been discovered if Kroger had exercised reasonable care. Certainly, had Mrs. Martin produced any evidence of when the grapes first hit the floor, evidence of temporally insufficient inspection would help support both constructive notice and the third prong of her statutory burden of proof — whether Kroger failed to exercise reasonable care.[16] The Louisiana Supreme Court made clear in White,

[15]Id. at 563-64.

[16]See La. Rev. Stat. Ann. 9:2800.6.

however, that slip-and-fall plaintiffs cannot rely on such evidence alone as proof of constructive notice.[17]

We acknowledge that since White, courts have struggled to define the precise contours of the temporal requirement of constructive notice under Louisiana law. Thus the jurisprudence in this area is hardly a model of clarity. As a federal court sitting in diversity, however, our task is not to endeavor to impose order on conflicting state caselaw, but rather to apply state law as best we can discern how the state's supreme court would do so.[18] Accordingly, we hold that, as Mrs. Martin has failed to adduce any evidence to satisfy the temporal requirement for imputing constructive notice to Kroger under Louisiana law, summary judgment was providently granted.[19]

## III.

### CONCLUSION

For the reasons discussed above, the district court's summary judgment for Kroger is

AFFIRMED.

---

[17]See White, 699 So.2d at 1085 (holding that allowing a plaintiff to carry her burden of proving constructive notice by showing the absence of written inspection procedures, written documentation of inspections, or lack of a consistent inspection policy impermissibly shifts the burden to the defendant to prove lack of constructive notice).

[18]See First Nat. Bank of Durant v. Trans Terra Corp. Intern., 142 F.3d 802, 806 (5th Cir. 1998).

[19]Mrs. Martin's argument that Kroger "created" the hazardous condition fails for the same reason.